COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| William J. DeVore III<br>3517 Debolt St.<br>Cincinnati, Ohio 45244 | : <br> : | Case No. |
| Nancy M. DeVore<br>3517 Debolt St.<br>Cincinnati, Ohio 45244 | : <br> : | **COMPLAINT** |
| Plaintiffs | : | |
| vs. | : | |
| Shannon W. Abram<br>1068 McCall Circle<br>Macon, Georgia 31210 | : <br><br> : | |
| Cellent Global Logistics, LLC<br>Jean Cellent, Statutory Agent<br>556 Becker Avenue<br>Fort Mill, S. Carolina 29715 | : <br><br> : | |
| John Doe | : | |
| Defendants | : | |

## PARTIES

1. William J. DeVore, III ("Mr. DeVore"), Plaintiff, is an individual and resident of Hamilton County, Ohio. Mr. DeVore was and currently is employed by Liberty Township as a Firefighter/Paramedic.

2. Nancy M. DeVore (Mrs. DeVore"), Plaintiff, is an individual and resident of Hamilton County, Ohio. Mrs. DeVore was and currently is married to Mr. DeVore.

3. Shannon W. Abram ("Mr. Abram"), Defendant, is an individual and resident of Macon, Georgia.

4. Cellent Global Logistics, LLC ("Cellent"), Defendant, is a Limited Liability Company, incorporated in North Carolina and maintaining a place of business in Fort Mill, South Carolina.

5. John Doe is any unknown person, Company or Political Subdivision who may be liable for the injuries and other damages of Plaintiffs.

**FACTS**

6. On July 9, 2019 at approximately 12:00 a.m., Mr. DeVore in his capacity as a Liberty Township Firefighter/Paramedic, responded to a motor vehicle accident ("Accident 1") on Interstate 75 in Liberty Township, Butler County, Ohio.

7. Mr. DeVore was the driver of a Liberty Township Ladder Fire Truck (the "Fire Truck").

8. Per Liberty Township Fire and Rescue Department Policy, Mr. DeVore positioned the Fire Truck diagonally across two lanes of Northbound Interstate 75 thereby blocking oncoming traffic for the safety of Fire Department and Sheriff Department personnel on site for Accident 1.

9. Shortly after positioning the Fire Truck, a 2013 white Freightliner semi tractor trailer (the "Semi") traveling at a high rate of speed struck the Fire Truck ("Accident 2") in which Mr. DeVore sat.

10. Mr. DeVore was seated in the Fire Truck with his seat belt fastened at the time the Fire Truck was struck by the Semi.

11. Before and after the time of impact, the flashing safety/warning lights of the Fire Truck were on.

12. Cellent was the owner of the Semi at the time it struck the Fire Truck.

13. Mr. Abram was the driver/operator of the Semi at the time of Accident 2.

14. Mr. Abram had fallen asleep while driving and was asleep at the time the Semi struck the Fire Truck.

15. Mr. Abram caused Accident 2 when he failed to stop and crashed into the Fire Truck causing disabling damage to both vehicles.

16. Mr. Abram failed to maintain control of the Semi and failed to operate his vehicle with reasonable care and in a reasonably prudent fashion.

17. Accident 2 caused and resulted in personal injuries and pain and suffering to Mr. DeVore.

18. Accident 2 has resulted in loss of services to Mrs. DeVore by Mr. DeVore.

### COUNT ONE
### (NEGLIGENCE - ABRAM)

19. Plaintiffs incorporate all allegations in paragraphs 1-18 above as though fully rewritten herein.

20. Mr. Abram had a duty to act reasonably and use due care including but not limited to the following:

    a) A duty to pay attention to traffic and to maintain a proper lookout;

    b) A duty to yield to the Fire Truck blocking an active accident scene for the safety of emergency personnel and accident victims;

    c) A duty to obey the laws and rules of the State of Ohio; and

    d) A duty to maintain control of the Semi including driving at a

reasonable speed for the conditions, adjusting the speed of the semi to avoid an accident and maintaining a proper distance between vehicles;

21. Mr. Abram breached his duties of care set forth in paragraph 20 above and was negligent of all such duties of care.

22. As a direct and proximate cause of the negligence of Mr. Abram, Mr. DeVore has suffered and continues to suffer from physical injuries, conscious mental anguish, pain and suffering in the past and in the future and he has incurred past medical expenses and will incur future medical expenses.

23. As a direct and proximate result of Mr. Abram's negligence, Mr. DeVore has suffered and will continue to have severe and permanent injuries to his body including but not limited to injuries to his neck, shoulder and back.

24. As a direct and proximate result of the negligence of Mr. Abram, Mr. DeVore has suffered psychological and emotional trauma which will continue into the future.

25. As a direct and proximate result of the negligence of Mr. Abram, Mr. DeVore has suffered loss of income which will continue into the future.

26. As a direct and proximate result of the negligence of Mr. Abram, Mr. DeVore has incurred substantial medical expenses and will continue to incur such expenses in the future.

COUNT TWO
(VIOLATION OF FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION REGULATIONS - Mr. Abram)

27. Plaintiffs incorporate all allegations set forth in paragraphs 1 - 26 above as though fully rewritten herein.

28. Mr. Abram, at all times relevant, had a duty to comply with regulations promulgated by the Federal Motor Carrier Safety Administration, including but not limited to 49 C.F.R. § 392.2.

29. 49 C.F.R. § 392.3 provides in pertinent part that "No driver shall operate a Commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause." Mr. Abram violated this regulation.

30. 49 C.F.R. § 395.3 provides in pertinent part that "A driver may drive only during a period of 14 consecutive hours after coming on duty following 10 consecutive hours off duty." Mr. Abram violated this regulation.

31. As a direct and proximate cause of Mr. Abram's failure to comply with these regulations, Plaintiff suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses and future medical expenses.

32. As a direct and proximate result of Mr. Abram's failure to comply with these regulations Mr. DeVore has suffered severe and permanent injuries to his body including but not limited to injuries to his neck, shoulder and back.

33. As a direct and proximate result of Mr. Abram's failure to comply with these regulations, Mr. DeVore has suffered psychological and emotional trauma which will continue into the future.

34. As a direct and proximate result of Mr. Abram's failure to comply with these regulations, Mr. DeVore has suffered loss of income which will continue into the future.

35. As a direct and proximate result of Mr. Abram's failure to comply with these regulations, Mr. DeVore has incurred substantial medical expenses and will continue to incur such expenses in the future.

## COUNT THREE
### (VICARIOUS LIABILITY - CELLENT)

36. Plaintiffs incorporate all allegations set forth in paragraphs 1 - 35 above as though fully rewritten herein.

37. At all relevant times, Defendant Cellent, was the duly registered and authorized DOT Carrier responsible for the safety, compliance, and haulage of the tractor semi-trailer rig driven by Mr. Abram.

38. At all relevant times, Mr. Abram was driving the Semi with the permission, consent, and for the benefit of Cellent.

39. Cellent, as carrier, bears liability for the acts of Mr. Abram, and for the compliance, safety, maintenance and use of the Semi and thus is responsible for all damages suffered by Mr. DeVore and Mrs. DeVore as set forth herein.

## COUNT FOUR
### (VIOLATION OF FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION REGULATIONS - CELLENT)

40. Plaintiffs incorporate all allegations set forth in paragraphs 1 - 39 above as though fully rewritten herein.

41. Cellent, at all times relevant, had a duty to comply with regulations promulgated by the Federal Motor Carrier Safety Administration. 49 C.F.R. § 392.2.

42. 49 C.F.R. § 392.3 provides in pertinent part that "No driver shall operate a Commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause."

43. 49 C.F.R. § 395.3 provides in pertinent part that "A driver may drive only during a period of 14 consecutive hours after coming on duty following 10 consecutive hours off duty."

44. Cellent had a duty to ensure that Mr. Abram complied with the aforementioned regulations.

45. Cellent breached these regulations by permitting Mr. Abram to drive the Semi in violation of these regulations.

46. As a direct and proximate result of Cellent's breach of these regulations, Mr. DeVore and Mrs. DeVore have sustained the damages set forth herein.

## COUNT FIVE
### (LOSS OF CONSORTIUM)

47. Plaintiffs incorporate all allegations set forth in paragraphs 1 - 46 above as though fully rewritten herein.

48. At the time of the accident, Mr. DeVore and Mrs. DeVore were married and the Plaintiffs continue to be married.

49. As a result of the wrongful and negligent acts of the Defendants, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

50.     All of Plaintiffs' injuries and damages were caused solely and proximately by the negligence of the Defendants.

WHEREFORE, Plaintiffs, William J. DeVore, III and Nancy DeVore, pray for judgment against Defendants, Shannon W. Abram and Cellent Global Logistics LLC, and John Doe, jointly and severally for damages in excess of $25,000.00, interest, court costs and attorney fees. Plaintiffs pray for such other and further relief to which the Court deems just, equitable and/or appropriate.

### PLAINTIFFS' JURY DEMAND

Plaintiffs respectfully demand trial by jury of all issues so triable.

Respectfully Submitted,

/s/: James K. Ferris (0030378)
Attorney for Plaintiffs
6124 Corby Rd.
Cincinnati, Ohio 45230
(513) 21-1100
(513) 231-1004 - fax
Jameskf@ferrisandmanter.com

**Please serve the within Complaint on all Defendants by certified mail, return receipt requested.**

**James K. Ferris  (0030378)**

 Gmail

**Nancy DeVore <nancy@ferrisandmanter.com>**

## eFiling "Filed"
1 message

**Butler County Common Pleas Court** <donotreply@butlercountyohio.org>  Fri, Jul 2, 2021 at 2:32 PM
To: James Ferris <nancy@ferrisandmanter.com>

Your efiling submission file ID #83414 has been accepted, filed, and time-stamped **OR** forwarded to the Judge for review.

If you submitted a motion with your filing, **please ensure that you deliver a courtesy copy to the Judge's office.**

Case Number:  CV 2021 07 0916

Case Name:  CV 2021 07 0916 DEVORE III, WILLIAM J et al vs. ABRAM, SHANNON W et al --SPAETH